IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON MARC REEDY,                          §
                                           §
  Plaintiff,                               §
                                           §
V.                                         §          No. 3:23-cv-2403-X-BN
                                           §
FREEDOM MORTGAGE                           §
CORPORATION,                               §
                                           §
  Defendant.                               §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendant Freedom Mortgage Corporation ("Freedom") has filed a motion to dismiss. *See* Dkt. No. 13.

Plaintiff Jason Marc Reedy has not filed a response, and the time to do so has passed. *See* Dkt. No. 15.

For the reasons explained below, the Court should grant the Motion to Dismiss [Dkt. No. 13].

## Background

This case concerns property located at 205 Wisteria Way, Red Oak, Texas 75154 (the "Property"). *See* Dkt. No. 1 at 31 (Ex. C-1) (Ellis County CAD Property Search Results).

-1-

According to communications between Reedy and Freedom, Freedom asserts that: (1) it is the holder of the Deed of Trust on the Property under a Mortgage Note with Reedy; (2) the Mortgage Note is in default; (3) Freedom has accelerated the maturity of the debt on the Mortgage Note; and, (4) as holder of the Deed of Trust, Freedom was obliged to sell the Property at public sale on October 3, 2023. *See* Dkt. No. 1-2 at 4.

In the years prior to receiving the Notice of Acceleration, Reedy fell behind on his payments and filed bankruptcy. *See id.* Reedy applied for a modification of the mortgage note, and Freedom denied the modification. *See id.*

Reedy filed a Petition in state court with an application for a temporary restraining order and permanent injunction, seeking "monetary relief of less than $100,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees." Dkt. No. 1-2 at 3-4.

According to the Petition, on January 24, 2023, Reedy renewed his effort to catch up on the mortgage payments through Freedom's loss mitigation department. *See* Dkt. No. 1-2 at 5. Reedy provided an automated reply from Freedom, which confirmed that Freedom received the request. *See* Dkt. No. 1 at 19 (Ex. A). Reedy alleges that he was informed that he could receive a forbearance, modification, or refinance the mortgage note. *See* Dkt. No. 1-2 at 5. Reedy states that he did not receive notification from Freedom. *See id.*

On September 1, 2023, Reedy learned that the Property was subject to foreclosure sale set for October 3, 2023. *See id.* Reedy contends that he did not receive

notice through certified mail from Freedom or Freedom's substitute trustee. *See id.* Reedy asserts that he heard from other potential purchasers, who left their information on Reedy's front door, that the Property was subject to foreclosure. *See id.*

Reedy alleges that, at the time of the Petition, he had a potential purchaser for the property and would lose a "substantial amount" of equity if Freedom were allowed to foreclose the Property. *Id.*

Reedy asserts that Freedom's failure to allow him to pursue the Repayment Program violated Section 5 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2604(c). *See* Dkt. No. 1-2 at 6.

On October 2, 2023, the state court granted a temporary restraining order. *See* Dkt. No. 1 at 23 (Ex. B-2).

Following removal, Freedom filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 13 at 1. Freedom asserts that Reedy failed to plead sufficient facts to support any of his claims. *See* Dkt. No. 14 at 2.

Freedom contends that Reedy's request for injunctive relief fails because the foreclosure sale complained of was cancelled; no future foreclosure sale is pending; and, without another claim, the injunctive relief cannot stand on its own. *See id.* And Freedom asserts that Reedy's claim of an imminent threat of harm from the sale of the property is moot as no current threat exists, which makes injunctive relief "not necessary" and "unavailable" in the absence of a viable substantial claim. *Id.* at 3.

And Freedom asserts that Reedy's claim for violation of RESPA fails because the code section cited "does not appear to apply" and Reedy failed to allege any actual

damages that resulted from the alleged violation. *See id.* Freedom contends that Reedy's reference to 12 U.S.C. § 2604(c) was likely cited in error but that, without more information, it is difficult for Freedom to discern what the alleged violation is. *See id.* at 4. Freedom alleges that Reedy's property was not sold at foreclosure sale, Reedy never lost title to the property; and Reedy failed to explain how the alleged RESPA violation damaged him. *See id.* at 5.

Reedy was required to file a response by December 13, 2023 and did not do so in the time specified. *See* Dkt. No. 15.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at

347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008)

(directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I.    <u>The Court cannot grant the motion to dismiss by default.</u>

When a non-moving party files a response to a motion to dismiss and fails to include an argument about a claim that the motion seeks to have the Court dismiss, the Court may determine that the nonmoving party has abandoned the unaddressed claim. *See In re Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See,*

*e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023); *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *In re Dall. Roadster*, 846 F.3d at 126; *Black*, 461 F.3d at 588 n.1.

But, when a nonmoving party does not file any response to a motion to dismiss, the Court cannot properly grant "the motion to dismiss for failure to state a claim solely because the [nonmoving party] failed to oppose the motion." *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citing *John v. La.*, 757 F.2d 698, 707-10 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." (citing and discussing *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980); *Arundar v. DeKalb Cty. Sch. Dist.*, 620 F.2d 493, 493-95 (5th Cir. 1980); *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 213-14 (5th Cir. 1976); *Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 551, 553, 556-57 (5th Cir. 1964))).

As the United States Court of Appeals for the Fifth Circuit has explained,

Rule 12 does not by its terms require an opposition; failure to oppose a

12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6).

*Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (footnote omitted; citing *John*, 757 F.2d at 707-10; *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) ("[F]ailure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint.")).

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 12 based on only a nonmovant's lack of action at all (that is, not filing a response that Rule 12 itself does not require to be filed), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 12 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Servicios Azucareros*, 702 F.3d at 806; *Webb*, 457 F. App'x at 452-54 & n.4; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)).

This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion to dismiss – control.

Under these governing authorities, the Court cannot grant Freedom's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 13] solely because Reedy failed to file a response in opposition. *Accord Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southal*l, No. 3:22-cv-927-B, 2023 WL 5962648, at *4-*5 (N.D. Tex. Aug. 21, 2023), *rep. & rec. adopted*, 2023 WL 5961655 (N.D. Tex. Sept. 12, 2023).

The undersigned therefore turns to the legal sufficiency of Reedy's Petition based on Freedom's arguments in support of dismissal under Rule 12(b)(6).

II.    Reedy's claim for violation of RESPA should be dismissed without prejudice.

Reedy alleges that Freedom violated Section 5 of the Real Estate Settlement Procedures Act ("RESPA") by failing to allow Reedy to pursue Freedom's Repayment Program. *See* Dkt. No. 1-2 at 6.

Reedy asserts that, under the terms of the Mortgage Note, Reedy is permitted to apply for loss mitigation or modification of the Mortgage Note. *See id.* Reedy alleges that Freedom agreed to review Reedy's application for the Repayment Program but that Freedom failed to "review the application and provide a good faith estimate of the settlement of the Mortgage Note." *Id.* The automated reply that Reedy received from Freedom, which confirmed that Freedom received the request, does not reveal any of the information or application materials that Reedy submitted to Freedom. *See* Dkt.

-10-

No. 1 at 19 (Ex. A); *see* Dkt. No. 14 at 4.

Freedom asserts that the RESPA section that Reedy cites, which pertains to "Home buying information booklets," does not apply to the alleged violation. *See* Dkt. No. 14 at 4. Freedom contends that, absent additional facts pleading how it supposedly violated RESPA, Reedy's claim fails and should be dismissed. *See id.*

The RESPA section that Reedy cites in support of Freedom's alleged violation states:

> (c) Estimate of Charges. Each lender shall include with the booklet a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement as prescribed by the Bureau. Each lender shall also include with the booklet a reasonably complete or updated list of homeownership counselors who are certified pursuant to section 1701x(e) of this title and located in the area of the lender.

12 U.S.C. § 2604(c). As Freedom contends, Section 5 of RESPA does not appear to apply to a Repayment Program application or a good faith estimate of the settlement of a Mortgage Note, and it was likely cited in error. *See* Dkt. No. 14 at 4.

As Freedom persuasively explains, Reedy has not pleaded facts sufficient to show that it is substantively plausible that his RESPA claim entitles him to relief. Although the Court cannot properly dismiss based on an imperfect statement of the legal theory supporting an asserted claim, here, without more of an explanation for how Freedom allegedly violated a provision of RESPA, Reedy has not pleaded facts with enough specificity to raise his alleged right to relief above the speculative level.

And, so, Reedy's RESPA claim should be dismissed without prejudice.

III.    <u>Reedy's request for injunctive relief should be dismissed without prejudice.</u>

Reedy asserts that, under Texas Civil Practice & Remedies Code § 65.011(1), he is entitled to immediate injunctive relief for Freedom's scheduled October 3, 2023 foreclosure sale of the Property. *See* Dkt. No. 1-2 at 5. Reedy asserts that he "will continue to be damaged and injured" by the loss of the Property through foreclosure, stating that the property and rights involved are unique and irreplaceable. *Id.* at 5-6.

Freedom asserts that Reedy's claim that there is an imminent threat of harm from the sale of the property is moot because it "pulled the property from sale and has not scheduled another sale of the property." Dkt. No. 14 at 3.

Injunctive relief is an equitable remedy based on underlying claims. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 U.S. Dist. LEXIS 69239, 2010 WL 2772445, at *4 (N. D. Tex. July 12, 2010). Where a court dismisses all of plaintiff's substantive claims, as the undersigned recommends that the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

In the absence of any other underlying substantive claim that should survive dismissal, Reedy's request for permanent injunctive relief should be dismissed without prejudice.

## Recommendation

The Court should grant Defendant Freedom Mortgage Corporation's Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(6) [Dkt. No. 13], dismiss Reedy's claims without prejudice, and grant Reedy 21 days from the date of any order adopting

these Findings, Conclusions, and Recommendation in which to file an amended complaint to replead his claims consistent with the recommendation, conclusions, and findings above and order that, if Reedy fails to do so, his claims and this case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 22, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE